UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Case No. _____

JUDD HOFFMAN AND JULIE HOFFMAN,
Plaintiffs

v.

99 RESTAURANTS OF BOSTON LLC
Defendant.

## NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a)
## (DIVERSITY OF CITIZENSHIP)

Pursuant to 28 U.S. C. § 1441(a), Defendant 99 Restaurants of Boston, LLC, hereby files this Notice of Removal, seeking to remove the above-mentioned case (2282CV00824) from Norfolk Superior Court, where it is now pending, to the United States District Court for the District of Massachusetts. In support of this Notice of Removal, 99 Restaurants of Boston, LLC states as follows:

1. On November 5, 2022, Defendant 99 Restaurants of Boston, LLC accepted service of the Plaintiffs' Second Amended Complaint. A true and correct copy of the Complaint, along with all other process services, is attached hereto as **Exhibit 1**.

2. Pursuant to 28 U.S.C. § 1441, a defendant may remove a civil action originally filed in a state court to the federal district court when the district court has original jurisdiction to consider the case. *See* 28 U.S.C. § l44l(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.")

3. This Notice is filed pursuant to 28 U.S.C. § 1332 and 28 U.S.C. §§ 1441 and 1446, which provide for the removal of any civil action where there is diversity of citizenship and the matter in controversy exceeds the sum and value of $75,000, exclusive of interests and costs.

4. This removal is timely under 28 U.S.C. § 1446(b) as it was filed within thirty (30) days of acceptance of service of the Complaint by 99 Restaurants of Boston LLC. No answer has been filed in this matter.

5. Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the District of Massachusetts is the federal district court for the district embracing the place where the state court is pending.

## DIVERSITY AND JURISDICTION

6. There is diversity of citizenship. None of the members of 99 Restaurants of Boston, LLC are citizens of Massachusetts.

7. Per *Bayerische Landesbank, New York Branch v. Aladdin Capital Management LLC*, 692 F.3d 42, 49 (2d Cir. 2012), the citizenship of an LLC is determined by the citizenship of each of its members.

8. Plaintiff, Judd Hoffman, is an individual who resides in Massachusetts.

9. Plaintiff, Julie Hoffman, is an individual who resides in Massachusetts.

10. Defendant, 99 Restaurants of Boston, LLC, is a Delaware limited liability company with its principal place of business in Nashville, Tennessee.

11. Defendant, 99 Restaurants of Boston, LLC, is 100% owned by 99 Restaurants of Massachusetts, LLC, a Massachusetts limited liability company.

12. Defendant, 99 Restaurants of Massachusetts, LLC, is 100% owned by 99 Restaurants, LLC, a Delaware limited liability company.

13.     99 Restaurants, LLC is 100% owned by 99 Restaurants Holdings, LLC, a Delaware limited liability company.

14.     99 Restaurants Holdings, LLC is 88.465% owned by RG Group Holdco, LLC, 9.9% owned by Newport Global Opportunities Fund 1-A AIV LP and 1.635% owned by the following persons/entities:

| | |
|---|---|
| Folco Development Corporation | Florida |
| Westrock Capital Partners, LLC | Arkansas |
| Brandon B. Bickett Irrevocable Trust | Nevada |
| Kelly N. Bickett Irrevocable Trust | Nevada |
| Ryan W. Bickett Irrevocable Trust | Nevada |
| Raymond R. Quirk | Florida |
| Erika Meinhardt Revocable Trust | Georgia |
| Christopher Abbinante | Illinois |
| Donald A. Dubois | California |
| Roger S. Jewkes | Nevada |

15.     RG Group Holdco, LLC is a Delaware limited liability company with its principal place of business in Las Vegas, Nevada. Its sole member is Cannae Holdings, LLC, a Delaware limited liability company with its principal place of business in Las Vegas, Nevada.

16.     Cannae Holdings, LLC is 99% owned by Cannae Holdings, Inc, a Delaware corporation with its principal place of business in Las Vegas, Nevada and 1% owned by Cannae Holdco, Inc., a Delaware corporation with its principal place of business in Las Vegas, Nevada.

17. The general partner of Newport Global Opportunities Fund AIV-A, LP is Newport Global Opportunities GP LP, a Delaware limited liability company. The general partner of Newport Global Opportunities GP LP is Newport Global Opportunities GP LLC, a Delaware limited liability company. The managing member of Newport Global Opportunities GP LLC is Newport Global Advisors LP, a Delaware limited partnership. The other members of Newport Global Opportunities GP LLC are Newport Offshore Feeder Fund L.P., a Cayman limited partnership, and Newport Offshore Subfeeder Fund L.P., a Cayman limited partnership.

18. The members of Westrock Capital Partners, LLC are Westrock Capital Management, LLC, an Arkansas limited liability company, and Wooster Capital, LLC, a Texas limited liability company.

19. The members of Westrock Capital Management, LLC are Richard Massey, an Arkansas resident, and Greenbrier Holdings, LLC, an Arkansas limited company.

20. The member of Wooster Capital, LLC is Joe Ford, a Texas resident.

### **REMOVAL IS TIMELY AND PROPER**

21. As set forth above, this Court has original diversity jurisdiction because complete diversity between the Parties exists and because the amount in controversy exceeds $75,000.00, exclusive of interests and cost.

22. This Notice of Removal it timely filed within thirty (30) days of receipt of the Summons and Complaint in accordance with 28 U.S.C § 1446(a).

23. Contemporaneous with the filing of this Notice of Removal, a copy of this Notice of Removal along with a Notice of Notice of Removal has been filed with the Clerk of Norfolk Superior Court, in accordance with 28 U.S.C. § 1446(d). A true and correct copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit 2.**

24. By filing this Notice of Removal, 99 Restaurants of Boston, LLC, is making a special appearance for the sole purpose of removing the cause to this Court. 99 Restaurants of Boston, LLC does not waive any of its defenses, including but not limited any defenses under Rule 12 of the Federal Rules of Civil Procedure. *See Clark v. Wells,* 203 U.S. 164, 171 (1906).

**WHEREFORE**, Defendants hereby remove the above-captioned action from the Norfolk Superior Court to the United States District Court for the District of Massachusetts.

> DEFENDANT,
> By its attorneys,
>
> */s/ Kenneth B. Walton*
> _____
> Kenneth B. Walton (BBO #562174)
> Sarandos Markopoulos (BBO #693835)
> LEWIS BRISBOIS BISGAARD & SMITH LLP
> Ken.Walton@lewisbrisbois.com
> Sarandos.Markopoulos@lewisbrisbois.com
> One International Place, 3rd Floor
> Boston, MA 02110
> Tel: (857) 313-3936
> Fax: (857) 313-3951

Dated: November 29, 2022

**CERTIFICATE OF SERVICE**

I hereby certify that on this November 29, 2022, this document has been provided to all counsel of record.

> */s/ Kenneth B. Walton*
> _____
> Kenneth B. Walton